UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BERKERY,<br><br>        Plaintiff,<br><br>   v.<br><br>TWITTER, INC.,<br><br>        Defendant. | Case No. 23-cv-04065-JSW<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT**<br><br>Re: Dkt. No. 2 |

Plaintiff John C. Berkery ("Plaintiff") filed the complaint in this action on August 10, 2023, and seeks leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2). Because the Court finds that Plaintiff qualifies to proceed *in forma pauperis*, the Court HEREBY GRANTS the application but orders a HOLD on the service of the complaint. The Court has reviewed the complaint and finds that it fails to state a claim on which relief may be granted pursuant to 28 U.S.C. section 1915(e). Plaintiff may file an amended complaint addressing the deficiencies described in this order by no later than September 15, 2023.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Generally, original federal jurisdiction is premised on federal question jurisdiction or diversity jurisdiction. A district court has an obligation to *sua sponte* dismiss an *in forma pauperis* action under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Plaintiff asserts original federal jurisdiction

1   premised upon both federal question and diversity jurisdiction.

2         First, Plaintiff asserts the Court has federal question jurisdiction over his complaint
3   because it involves a constitutional question under the First Amendment.  In order to state a claim
4   under 42 U.S.C. § 1983 for violation of the Constitution, a plaintiff must allege two essential
5   elements: (1) that a right secured by the Constitution or laws of the United States was violated,
6   and (2) that the alleged deprivation was committed by a person acting under the color of law.
7   *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Plaintiff alleges that his speech was limited by
8   Twitter's determination that his tweet violated the company's ban on violent speech and their
9   subsequent suspension of his Twitter account.  (Complaint ¶¶ 6-11.)  However, Twitter is a private
10  company and there is no allegation that the deprivation of Plaintiff's rights was committed by a
11  person acting under color of law.  *See West*, 487 U.S. at 48.  Without any allegation regarding the
12  conduct of a state actor, the Court does not find that Plaintiff is able to establish federal subject
13  matter jurisdiction for an alleged violation of his rights under the Constitution.

14        In the alternative, Plaintiff alleges that the Court has jurisdiction over the complaint
15  because there is diversity of citizenship.  (Complaint ¶ 4.)  A party seeking to establish diversity
16  jurisdiction must demonstrate that no defendant is a citizen of the same state as any plaintiff and
17  show that the amount in controversy exceeds $75,000.  28 U.S.C. § 1441(b); *see also* 28 U.S.C. §
18  1332(a).  Here, although Plaintiff alleges that he resides in Pennsylvania and Twitter is a
19  California corporation, he does not allege that the amount in controversy exceeds $75,000.

20        Accordingly, the Court finds that it lacks jurisdiction to hear Plaintiff's complaint.  Federal
21  Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing
22  that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only
23  give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."
24  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Even under the liberal
25  pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his
26  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the
27  elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
28  (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff

must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its fact." *Id.* at 570.  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation and quotations marks omitted).

For purposes of 28 U.S.C. section 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Where a litigant is acting *pro se* and the Court finds the litigant's complaint is frivolous within the meaning of 28 U.S.C. section 1915(e)(2), the Court must give the litigant notice of the deficiencies in the complaint and an opportunity to amend unless it is clear that the deficiencies could not be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The Court finds that the complaint, as currently drafted, fails to state a claim for federal jurisdiction.  Plaintiff must file an amended complaint addressing the deficiencies identified in this order by no later than September 15, 2023.  Failure to file an amended complaint shall result in dismissal of this case.

In addition, the Court hereby advises Plaintiff that the district court has produced a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, and it is available through the Court's website.  Plaintiff may seek assistance from the Legal Help Center and may call the Legal Help Center at 415-782-8982 to arrange an appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: August 15, 2023

_____
JEFFREY S. WHITE
United States District Judge

3