UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BERKERY,<br><br>    Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>    Defendant. | Case No. 23-cv-04065-JSW<br><br>**ORDER DENYING MOTION TO PRELIMINARY INJUNCTION AND REQUIRING BRIEFING ON MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 11, 20 |

Now before the Court is the motion for a preliminary injunction filed by Plaintiff John C. Berkery ("Plaintiff") and the motion to dismiss filed Defendant Twitter, Inc. ("Defendant"). In his motion for preliminary injunction, Plaintiff seeks disclosure of his allegedly offending tweet and seeks an order from this Court enjoining Defendant from filing any motions to dismiss or for summary judgment under Federal Rules of Civil Procedure 12(b)(6) or 56.

Preliminary injunctive relief is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, Plaintiff must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus, a court may grant a request for a preliminary injunction if a plaintiff demonstrates that there are serious questions going to the merits and a hardship balance that tips sharply in their favor, if the other two elements of the *Winter* test are also met. *Id*. at 1132. Serious questions are "substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more

deliberative investigation." *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952). Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits." *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985).

Here, Plaintiff has failed to meet his burden to demonstrate that he is likely to succeed on the merits. The arguments in favor of dismissal of Plaintiffs' claims are adequately outlined in Defendant's pending motion to dismiss. The Court also finds that, regardless whether he is successful on the merits of his claims, Plaintiff's request for injunctive relief to enjoin motion practice pending Defendant's disclosure of his offending tweet is not well-taken. Plaintiff does not demonstrate that he will suffer irreparable harm if the request is left ungranted. Plaintiff "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014 (emphasis in original). The Court must first determine whether Plaintiff's amended complaint states a plausible claim for relief prior to Plaintiff being entitled to any discovery. Lastly, the equities favor denying Plaintiff's motion for a preliminary injunction as the stronger interest is in procedural right to file motions under the Federal Rules of Civil Procedure. Accordingly, the Court DENIES Plaintiff's motion for a preliminary injunction.

In response to the pending motion to dismiss, Plaintiff has only countered that he previously moved for order enjoining all motion practice. As that request is denied, the Court HEREBY ORDERS Plaintiff to file a substantive response to the pending motion to dismiss, not to exceed 15 pages, by no later than February 16, 2024. Defendant may file a reply by no later than February 23, 2024. Failure to timely oppose the motion shall result in dismissal of this matter. In addition, the hearing date of February 16, 2024, is HEREBY VACATED.

**IT IS SO ORDERED.**

Dated: February 1, 2024

JEFFREY S. WHITE
United States District Judge

2